```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ALI CROSS, | ) |
| | ) |
|     Plaintiff, | ) |
| | )  Civil Action No. |
|     v. | )  19-11242-NMG |
| | ) |
| BILL GATES, | ) |
| TUFTS MEDICAL CENTER BOSTON, | ) |
| TARA VISTA MEDICAL CENTER, | ) |
| SOCIAL SECURITY OFFICE, | ) |
| DIRECT EXPRESS DEBIT CARD SERVICES, | ) |
| MASTERCARD, | ) |
|     Defendants. | ) |

## ORDER

GORTON, D.J.                                    January 10, 2020

1.   Plaintiff Ali Cross's ("Cross") motion to proceed *in forma pauperis* (ECF No. 16) is hereby ALLOWED.  Because Cross is proceeding *in forma pauperis*, the complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under that statute, the Court must dismiss the complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against defendant who is immune from such relief.  Id.

2.   Cross's Motion to Amend the Complaint (ECF No. 11) is hereby ALLOWED, and that document and attachments are construed as the Amended Complaint.  The Amended Complaint completely supersedes the original complaint.  See Connectu LLC v.

Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint.. . .Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case.") (citations and quotations omitted). Accordingly, St. Vincent's Hospital, a defendant omitted from the Amended Complaint, is dismissed without prejudice as a defendant.

3.  After careful review of the Amended Complaint, all claims against defendants Bill Gates ("Gates"), Social Security Office ("Social Security") and Direct Express Debit Card Services ("Direct Express") are DISMISSED without prejudice under 28 U.S.C. §1915(e)(2)(B). As best the Court can discern, Cross appears to attempt to allege a conspiracy between Gates, Social Security, and perhaps Direct Express relating to data access and billing. While the Court does not doubt the sincerity of Cross's belief in his claims, even read generously, the allegations against these defendants border on frivolous and, as pleaded, fail to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

4.  Cross's motion to supplement his complaint (ECF No. 18) is hereby DENIED. Pursuant to Fed. R. Civ. P. 15(d), "[o]n motion and reasonable notice, the court may on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date

of the pleading to be supplemented." Here, even presuming without ruling that the supplemental claims could be joined, the proposed acts and omissions referenced as supplemental claims predate the amended complaint in this action.

5.  The Clerk shall issue a summons for service of the complaint only on defendants Tufts Medical Center Boston and Tara Vista Behavioral Health Center. The Clerk shall send the summonses, complaint, and this Order to Cross, who must thereafter serve Tufts Medical Center Boston and Tara Vista Behavioral Health Center in accordance with Federal Rule of Civil Procedure 4(m). Cross may elect to have service made by the United States Marshals Service. If directed by Cross to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon the Tufts Medical Center Boston and Tara Vista Behavioral Health Center, in the manner directed by Cross, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains Cross's responsibility to provide the United States Marshals Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Cross shall have 90 days from the date of this Order to complete service.

6.  Cross's motions for appointment of pro bono counsel pursuant to 28 U.S.C. §1915(e)(1), ECF Nos. 2 and 12, are each hereby DENIED without prejudice subject to refiling after the

3

remaining defendants respond to the Amended Complaint. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. Id.: 28 U.S.C. 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. At this stage of the proceedings, the motion is premature and, on this record, Cross has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

**So Ordered.**

/s/ Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE